## Springfield Water and Electric Light Company v. Campbell Brothers.

(Decided March 25, 1927.)

### Appeal from Washington Circuit Court.

1. **Appeal and Error.**—In order to warrant a reversal on ground that damages awarded by jury were too small, evidence must show clearly and convincingly that the jury could not have fairly and reasonably found verdict.

2. **Damages.**—Evidence, in action for damages by reason of destruction of property by fire, held to sustain jury's finding on amount of damages sustained.

3. **Damages.**—In action for damages by reason of destruction of property by fire, evidence of damage resulting from loss of use of building after fire and before erection of new building held properly excluded.

4. **Damages.**—Proper measure of damages for destruction of building by fire was fair market value at time it was destroyed.

ROBERT G. GORDON and GORDON & LAURENT for appellants.

W. C. McCHORD and HENRY JACKSON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming on cross-appeal.

This is an appeal from a judgment of the Washington circuit court awarding the appellees $1,250.00 in damages by reason of the destruction of their property by fire. The appellees instituted suit against the appellants, alleging that a one-story building owned by them, worth $6,500.00, had been destroyed by fire, and other property of the value of $4,500.00 had also been destroyed by the same fire.

Under the provisions of a franchise the appellants, or those from whom they obtained the franchise, had agreed to furnish fire protection, and under the terms of the contract a certain pressure was to be maintained and other duties were imposed which were violated according to the allegations of the petition. The failure of the appellants to comply with the terms of the contract is the basis for the allegations of negligence found in the petition.

Much proof was introduced, and as a result of the trial the jury found a verdict for the appellees and fixed their damages at $1,250.00. The appellants sought and obtained an appeal from that judgment, and thereafter

appellees sought and obtained a cross-appeal.  Since the cross-appeal was granted the appellants have dismissed their appeal, and the case now is one wherein the appellees are seeking to have the judgment of the lower court reversed.  The sole question to be determined is whether the damages awarded appellees by the jury were too small.

We will say at the outset that the jury heard all of the evidence and doubtless knew all of the parties and witnessses, and was acquainted with all of the surrounding circumstances.  The court saw to it that all parties had a fair trial, and there must be something clear and convincing in the evidence to show that the jury could not have fairly and reasonably found the verdict from the evidence before we can reverse on the ground relied on.  If the jury might have returned a verdict for $1,250.00 under the evidence, or might have returned a verdict for $6,000.00 under the evidence, or for any sum between these extremes, we cannot disturb the judgment, but if the jury could not, through any reasonble consideration of the evidence, reach the conclusion that the damages of appellees were not greater than $1,250.00, the case will have to be reversed.  Appellees sued for $11,000.00.  A valuation of $6,500.00 was placed on the building destroyed, $1,500.00 was automobile accessories and the balance was made up of other things in the building.  There was one item of $750.00, the rents for the building while it was not occupied.

Appellees testified that the value of the building which was destroyed by fire was $6,000.00.  The cost of the building and lot when it was purchased two or three years before the fire was $5,245.00.  The lower court allowed no evidence to be introduced to sustain the $750.00 charged for loss of the use of the building after the fire and before a new building was erected.  The ruling of the court was proper in this respect.  It is also in proof that appellees collected insurance on the building amounting to $1,200.00.  It is also in proof that after the purchase of the property appellees sold a part of the lot for $610.00.  In fixing the damages at $6,000.00 for the loss of the garage, or rather in fixing the value of the garage building at $6,000.00, appellees admitted they included in the valuation the value of the lot.  There is considerable proof as to the value of the lot, and by one or more witnesses the value of the lot was placed as high as $3,000.00.

In considering whether the jury might have reached a verdict from the evidence before it that the damages were not greater than $1,250.00, we must look at the bulk of the evidence and the facts deducible therefrom, and if by the most favorable consideration of the evidence and such facts, the jury could have reached the conclusion which it did reach it is not within our power to disturb its findings. It is shown that when the building was purchased appellees paid $5,245.00 for it, and they testified that they had expended about $150.00 on improvements, which would bring the cost of the buliding and lot up to $5,395.00, making no allowance for depreciation. If the lot was worth $3,000.00, and the jury might have reached that conclusion from the evidence before it, the building which was destroyed was worth $2,395.00 on the basis of the price paid when it was purchased. Of course the fair market value of the building at the time it was destroyed was the measure of damages on that item, but the jury may have reached the conclusion from the evidence, and from the facts deducible from the evidence, that its fair market value was not more than $2,395.00 at the time of the fire, and this is without taking into consideration the value of the portion of the lot which had been sold, which was $610.00, and if that should be deducted from $2,395.00 there is a further reduction in the fair market value of the building to $1,785.00. Appellees collected $1,200.00 insurance on the building, which, of course, should be deducted, and that would leave the loss on the building following this process of reasoning at $585.00. We are not attempting to say that this was the correct amount of damages which should be found by the jury, but we are saying that the jury might from the evidence have reached a conclusion that the loss on the building was substantially that sum.

The additional loss was on the personal property in the building. There was proof that some of this was carried out of the building, and the evidence does not disclose clearly what portion of it was taken from the building. The jury may have reached the conclusion that appellees were not responsible for the loss of the property which was taken from the building, as it was not preserved and cared for by appellees after it was taken from the building. There is a controversy as to the length of time that the water pressure was not up to the requirement, and there is evidence tending to show that

the water supply was not sufficient. The court allowed the jury to find for appellees the loss sustained by reason of the failure of appellees to comply with the provisions of the contract with the city. Some of the items of property lost by appellees appears to have been greatly overvalued.

Taking the evidence as a whole, it seems to us that the jury might properly have found damages to appellees much greater than the sum fixed in the verdict, but we must allow the jury to consider all of the evidence, and if it found the minimum damages deducible from the evidence instead of the maximum, or an amount between the two, we cannot disturb the verdict because in our opinion the jury might have found the damages to be larger than shown in the verdict. There is nothing in the record to show that the jury did not fairly consider the evidence under the instructions of the court, which correctly presented the law.

Judgment is affirmed on cross-appeal.